UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASTOU DIAGNE,

               Plaintiff,

      -against-

LE PAIN QUOTIDIEN USA LLC;
CHRISTOPHER MARS; KHADY TALL,

            Defendants.

---

24 Civ. 2775 (PAE)

ORDER OF SERVICE

**PAUL A. ENGELMAYER, United States District Judge:**

Plaintiff brings this *pro se* action asserting claims of employment discrimination. By order dated April 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of the filing fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Le Pain Quotidien USA LLC, Christopher Mars, and Khady Tall through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form)

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the

Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon

Defendants.

If the complaint is not served within 90 days after the date summonses are issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service). Plaintiff must notify the Court in writing if her address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff. The Clerk of

Court is further instructed to issue summonses for Defendants Le Pain Quotidien USA LLC,

Christopher Mars, and Khady Tall, complete the USM-285 forms with the addresses for these

Defendants, and deliver to the U.S. Marshals Service all of the documents necessary to effect

service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

*Paul A. Engelmayer*

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 22, 2024
New York, New York

2

## DEFENDANTS AND SERVICE ADDRESSES

1.   Le Pain Quotidien USA LLC
     50 West 23rd Street, Ste. 700
     New York, NY 10010

2.   Christopher Mars
     Le Pain Quotidien USA LLC
     50 West 23rd Street, Ste. 700
     New York, NY 10010

3.   Khady Tall
     Le Pain Quotidien USA LLC
     50 West 23rd Street, Ste. 700
     New York, NY 10010